IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL STRENCHOCK,** | : |
| Plaintiff | : |
| v. | : JURY TRIAL DEMANDED |
| **PENNSYLVANIA STATE UNIVERSITY** | : No. |
| Defendant | : |

# COMPLAINT

## I.  JURISDICTION

1. This action is authorized, initiated, founded upon, and arises under the provisions of federal law, particularly the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq*, (hereinafter "ADA"); as well as its jurisdiction over pendent state claims, particularly the Pennsylvania Human Relations Act, 43 P.S. § 955 (a). Declaratory relief is sought under 28 U.S.C. §§ 2201 and 2202.

2. The jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §§1331 and 1343, as well as its jurisdiction over pendent state claims.

3. The amount in controversy in this matter exceeds seventy five thousand dollars ($75,000.00).

4. The violations of the Plaintiff's rights as alleged herein were committed within the Middle District of Pennsylvania.

1

## II. PARTIES

5. The Plaintiff, Michael Strenchock, is an adult individual and a citizen of the United States and the Commonwealth of Pennsylvania and resides at 2534 Christine Road, Hazleton, Luzerne County, PA 18202.

6. Defendant, Pennsylvania State University Defendant, (herein after "University"), is a state-related educational institution with its principal place of business at 201 Old Main, University Park, Centre County, Pennsylvania, 16802 and also with a place of business located at 76 University Drive, Hazleton, Luzerne County, PA 18202.

7. Defendant employs more than 1000 individuals.

8. At all times material hereto Defendant was, and is, engaged in an industry affecting interstate commerce.

9. At all times material hereto, Defendant was, and is, an employer within the meaning of the Americans with Disabilities Act, and the Pennsylvania Human Relations Act, 43 PS §955 (a), in that Defendant, at all times material hereto, was engaged in an industry affecting commerce, and has employed fifty (50) or more employees for every working day in each of twenty (20) or more calendar weeks in the current and preceding calendar year.

## III. ADMINISTRATIVE PREREQUISITES

10. Plaintiff timely filed a complaint against the Defendant with the Equal Employment Opportunity Commission (EEOC) and the Pennsylvania Human Relations Commission (PHRC), alleging disability discrimination.

11. The EEOC has issued a notice of right-to-sue dated September 25, 2019

12. Pursuant to the work-sharing agreement between the PHRC and the EEOC,

Plaintiff is entitled to the issuance of a right-to sue notice from the PHRC, which Plaintiff has requested, but has not yet received.

## IV.   RIGHT OF EQUITABLE RELIEF

13.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs herein alleged, and this suit for declaratory and injunctive relief is Plaintiff's only means of securing adequate relief.

## V.   JURY TRIAL DEMANDED

14.   Plaintiff demands trial by jury on this Complaint.

## VI.   FACTUAL ALLEGATIONS

15.   At all times material hereto, Plaintiff was employed by Defendant as a police officer since September 2015.

16.   At all times material hereto, Plaintiff was qualified to perform the duties of a police officer for Defendant.

17.   From 2015 to 2018, Plaintiff performed his duties as a police officer for Defendant at its Hazleton Campus, a distance of 3.8 miles and a travel time of eight minutes from Plaintiff's home.

18.   Since or about 2003, Plaintiff has been diagnosed with ulcerative colitis, which is a serious illness.

19.   Plaintiff experiences symptoms of this serious illness in the form of extreme abdominal pain; severe digestive cramps; consistent, unexpected and bloody diarrhea; mood disorders; and, depression, which were incapacitating to Plaintiff.

20.   Plaintiff's illnesses were physiological and psychological impairments, as described herein, which substantially limited Plaintiff in the major life activities of digestive

functions, bowel functions, endocrinal functions, sleeping, social interactions, concentrating, thinking, communicating, and working.

21. Plaintiff underwent multiple surgical procedures, including a total proctocolectomy and an ileostomy, resulting in the removal of his colon.

22. With regard to his position as a police officer, Plaintiff was, and is, a qualified individual with a disability.

23. At all times material hereto, Defendant was aware of Plaintiff's symptoms, diagnosis of ulcerative colitis, medical condition and disability.

24. Defendant regarded Plaintiff as being a qualified individual with a disability.

25. Plaintiff had a record with Defendant of being a qualified individual with a disability.

26. At all times material hereto, Plaintiff performed his duties as a police officer in a good, competent and professional manner.

27. In 2018, Defendant began to consistently mandate overtime work to be performed by Plaintiff and began to require him to work at least two days a week at its Worthington Campus in Dunmore, PA , a distance of forty-three miles and a travel time of fifty minutes from Plaintiff's home.

28. At this time Defendant also assigned Plaintiff to work at its Wilkes-Barre Campus several days a week, on both half-shift and full shift bases, and which campus is a distance of 37.3 miles and a travel time of fifty minutes.

29 The combination of the increased, mandated overtime and the new travel requirements often forced Plaintiff to work one shift in one location and a following shift to commence within eight hours at the other location.

4

30. The above-described changes substantially and adversely impacted Plaintiff's medical condition and health.

31. On October 25, 2018 Plaintiff made a written request for a reasonable accommodation form Defendant, a copy of which is attached hereto and made a part hereof as Exhibit A.

32. Plaintiff's requested accommodations were "Reduced overtime hrs. and regular shifts. No overnights." (Exhibit A)

33. Defendant could have honored Plaintiff's requested accommodations without undue hardship to itself.

34. In 2018, Defendant accommodated a non-disabled employed police officer, Joseph McDevitt, to allow Mr. McDevitt to work a more favorable schedule for himself.

35. Plaintiff's treating physician, Dr. Jesse Green, supported the request for reasonable accommodations, by his letter dated October 15, 2018, a copy of which was attached to Plaintiff's request (Exhibit A).

36. Dr. Green wrote "Because of the effect of OT shifts and overnight shifts, I recommend that he [Plaintiff] only work a daytime or evening schedule (no overnight shifts) for approximately 40 hours per week."

37. Plaintiff's supervisor, Lt. Dale Osenbach, responded to the request for reasonable accommodations by telling Plaintiff to "just deal with it."

38. By e-mail dated October 30, 2018, Leah Zimmerman, ADA coordinator for Defendant, acknowledged receipt of Plaintiff's request for reasonable accommodations and asked Plaintiff to advise of his availability for a telephone conference.

39. Plaintiff responded to Ms. Zimmerman by e-mail the same date, October 30, 2018.

40. There was a further exchange of e-mail between Ms. Zimmerman and Plaintiff on October 31, 2019, the result of which was that a telephone conference was scheduled for Plaintiff and representatives of Defendant for November 1, 2018.

41. At the November 1, 2018 telephone conference, Plaintiff explained the basis and need for his reasonable accommodation request.

42. Because thereafter there was no further communication from Defendant, Plaintiff called Ms. Zimmerman's office on December 3, 2018 and left a message requesting contact.

43. On Friday, December 7, 2018, Ms. Zimmerman scheduled a conference call for the morning of December 10, 2018.

44. The December 10, 2018 telephone conference was held, on which occasion Defendant offered no accommodations nor adjustments and told Plaintiff that Defendant would get back to him.

45. Defendant never made any further communication to Plaintiff with regard to his request for reasonable accommodations.

46. Defendant failed to engage in an interactive process with Plaintiff with regard to the requested reasonable accommodations.

47. Plaintiff required reasonable accommodations for his disability to enable him to continue to perform the essential functions of his job as a police officer.

48. The failure and refusal of Defendant to engage in an interactive process with Plaintiff with regard to the requested reasonable accommodations and/or provide such reasonable accommodations as would enable him to continue to perform the essential

functions of his job as a police officer was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and created a severely abusive working environment, such that Plaintiff's working conditions were so intolerable that a reasonable person would have felt compelled to resign.

49. Because Defendant declined to provide Plaintiff with reasonable accommodations to enable him to perform the essential functions of his job as a police officer and because Defendant failed and refused to engage in an interactive process with him with regard to the requested reasonable accommodations, Plaintiff was unable to continue his employment with Defendant and was compelled to resign.

50. By letter of December 22, 2018, Plaintiff submitted to Defendant his two week notice to resign, effective January 6, 2019.

51. Defendant made no effort upon receipt of the notice from Plaintiff to communicate with him about the requested reasonable accommodations, or to communicate with him about alternatives to his resignation and accepted his resignation.

52. The acts and omissions of Defendant herein described constituted a constructive discharge of Plaintiff.

53. Plaintiff has suffered damages in the form of loss of compensation, loss of employment benefits, emotional distress and other compensatory and consequential damages, on account of the illegal actions and omissions of Defendant.

54. The actions and omissions of Defendant were outrageous, extremely offensive, intentional, discriminatory and retaliatory against Plaintiff on a continuing basis and were performed with malice and reckless indifference to Plaintiff's civil rights.

## VII. CAUSES OF ACTION

### COUNT I
### Americans with Disabilities Act
### 42 USC Sec. 12101 et seq.

### Discrimination on Account of Disability
### Constructive Discharge

55. Paragraphs 1 through 54 of this Complaint are incorporated herein by reference as though set forth in full.

56. Because Defendant declined to provide Plaintiff with reasonable accommodations to enable him to perform the essential functions of his job as a police officer and because Defendant failed and refused to engage in an interactive process with him with regard to the requested reasonable accommodations, Plaintiff was unable to continue his employment with Defendant and was compelled to resign.

57. The acts and omissions of Defendant herein described constituted a constructive discharge of Plaintiff.

58. The unlawful employment practices hereinbefore stated were intentional and discriminatory towards Plaintiff on account of disability on a continuing basis, and constitute violations of the Americans with Disabilities Act, 42 U.S.C. §12101 et seq.

59. Plaintiff has suffered damages in the form of loss of employment, loss of compensation, loss of employment benefits, emotional distress, and other compensatory and consequential damages.

60. The actions taken by Defendant as described herein were willful, deliberate, intentional, outrageous and performed with an extreme indifference to the rights of Plaintiff such as an award of punitive damages is warranted.

WHEREFORE, Plaintiff demands judgment and prays:

a. that this Court declare that the practices described herein are discriminatory and in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*;

b. that this Court enter an injunction prohibiting discrimination against employees on the basis of disability with regard to the terms and conditions of employment;

c. that this Court order reinstatement of the Plaintiff, without loss of seniority or other benefits which would have accrued had Plaintiff not been constructively discharged; or, in the alternative, entry of a money judgment awarding Plaintiff damages representing lost wages and other sums of money including retirement benefits and other employment benefits which Plaintiff would have earned had there not been discrimination, together with interest on said amount from the date of the constructive discharge;

d. that this Court order the payment of compensatory damages;

e. that this Court order the payment of punitive damages;

f. that this Court order the payment of reasonable attorney fees and costs;

g. that this Court retain jurisdiction over this action to ensure full compliance with the orders of this court and with applicable laws that require the filing of such reports as this Court deems necessary to evaluate such compliance; and

h. that this Court order such other and further relief as may be just and equitable.

## COUNT II
## Pennsylvania Human Relations Act
## 43 PS Sec. 955(a)

### Discrimination on Account of Disability
### Constructive Discharge

61. Paragraphs 1 through 60 of this Complaint are incorporated herein by reference as though set forth in full.

62. Because Defendant declined to provide Plaintiff with reasonable accommodations to enable him to perform the essential functions of his job as a police officer and because Defendant failed and refused to engage in an interactive process with him with regard to the requested reasonable accommodations, Plaintiff was unable to continue his employment with Defendant and was compelled to resign.

63. The acts and omissions of Defendant herein described constituted a constructive discharge of Plaintiff.

64. The unlawful employment practices hereinbefore stated were intentional and discriminatory towards Plaintiff on account of disability on a continuing basis, and constitute violations of the Pennsylvania Human Relations Act.

65. Plaintiff has suffered damages in the form of loss of employment, loss of compensation, loss of employment benefits, emotional distress, and other compensatory and consequential damages.

WHEREFORE, Plaintiff demands judgment and prays:

a. that this Court declare that the practices described herein are discriminatory and in violation of the PHRA.;

b. that this Court enter an injunction prohibiting discrimination against employees on the basis of disability with regard to the terms and conditions of employment;

c. that this Court order reinstatement of the Plaintiff and provide a reasonable accommodation for disability, without loss of seniority or other benefits which would have accrued had there not been a constructive discharge; or, in the alternative, entry of a money judgment awarding Plaintiff damages representing lost wages and other sums of money including retirement benefits and other employment benefits which Plaintiff would have earned had there not been discrimination, together with interest on said amount from the date of the constructive discharge;

d. that this Court order the payment of compensatory damages

e. that this Court order the payment of reasonable attorney fees and costs;

f. that this Court retain jurisdiction over this action to ensure full compliance with the orders of this court and with applicable laws that require the filing of such reports as this Court deems necessary to evaluate such compliance; and

g. that this Court order such other and further relief as may be just and equitable.

## COUNT III
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. §12101 et seq.
## FAILURE TO ACCOMMODATE

66. Paragraphs 1 through 65 of this Complaint are incorporated herein by reference as though set forth in full.

67. The unlawful employment practices hereinbefore stated constitute a violation of the Americans with Disabilities Act 42 U.S.C. §12101 *et seq.*, as Defendants failed to grant Plaintiff's requests for reasonable accommodation for her disability.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendant and prays:

a. That this Court declare that the practices in which the Defendant has engaged are illegal and in violation of the Americans with Disabilities Act 42 U.S.C. §12101;

b. That this Court permanently enjoin the Defendant from denying requests for reasonable accommodations by employees with regard to their disabilities;

c. That this Court order reinstatement of the Plaintiff, without loss of seniority or other benefits which would have accrued had he not been constructively discharged; or, in the alternative, entry of a money judgment against Defendant awarding Plaintiff damages representing lost wages and other sums of money including retirement benefits and other employment benefits which Plaintiff would have earned had he not been denied the requested reasonable accommodations, together with interest on said amount from the dates of Plaintiff's constructive discharge.

d. That this Court Order the Defendant to pay Plaintiff compensatory damages;

e. That this Court Order the Defendant to pay Plaintiff punitive damages;

f. That this Court Order the Defendant to pay Plaintiff's reasonable attorneys' fees and costs of this litigation;

g. That this Court retain jurisdiction over this action to ensure full compliance with the orders of this court and with applicable laws that require Defendant to file such reports as this Court deems necessary; and,

h. That this Court Order such other and further relief as may be just and equitable.

## COUNT IV
## VIOLATION OF THE PENNSYLVANIA
## HUMAN RELATIONS ACT, 43 P.S. §955(a)
## FAILURE TO ACCOMMODATE

68. Paragraphs 1 through 67 of this Complaint are incorporated herein by reference as though set forth in full.

69. The unlawful employment practices hereinbefore stated constitute a violation of the Pennsylvania Human Relations Act, 43 P.S. §955(a).

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendants and prays:

a. that this court declare that the practices in which the Defendant has engaged are discriminatory and in violation of the Pennsylvania Human Relations Act, 43 P.S. §955(a);

b. that this court permanently enjoin the Defendant from denying requests for reasonable accommodations from employees and otherwise discriminating against employees of the Defendants on the basis of disability with regard to the terms and conditions of employment;

c. that this court order reinstatement of the Plaintiff, without loss of seniority or other benefits which would have accrued had he not been constructively discharged; or, in the alternative, entry of a money judgment against Defendant

awarding Plaintiff damages representing lost wages and other sums of money including retirement benefits and other employment benefits which Plaintiff would have earned had he not been denied the requested reasonable accommodation, together with interest on said amount from the date of Plaintiff's constructive discharge.

      d.    that this Court order the Defendant to pay Plaintiff compensatory damages;

      e.    that this Court order the Defendant to pay Plaintiff's reasonable attorney fees and costs of this litigation;

      f.    that this Court retain jurisdiction over this action to ensure full compliance with the orders of this court and with applicable laws that require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and

      g.    that this Court order such other and further relief as may be just and equitable.

      RESPECTFULLY SUBMITTED:

By:    /s/ Kimberly D. Borland
        KIMBERLY D. BORLAND, ESQUIRE
        11th Floor, 69 Public Square
        Wilkes-Barre, PA 18701
        (570) 822-3311
        Attorney ID.#23673
        kborland@borlandandborland.com
        Attorney for Plaintiff

**CONFIDENTIAL**
**THE PENNSYLVANIA STATE UNIVERSITY**
Affirmative Action Office
328 Boucke Building
University Park, PA 16802
Reasonable Accommodation Request Form - Employment

The purpose of this form is to assist the University in determining whether, or to what extent, a reasonable accommodation is required for an employee with a disability to perform one or more essential functions of their job safely and effectively. This form must be filed separately from the employee's personnel file and be treated confidentially.

| College/Administrative Area: | Department/Unit: |
|---|---|
| | |

**SECTION I:** Employee: To be completed by employee requesting accommodation.

| Employee: | Michael John Strenchoak |
|---|---|
| Telephone: 570-954-7680 | E-mail: mjs5336@psu.edu |
| Address: | 2534 Christine Rd. Hazle Township, PA 18202 |
| Job Title: Police Officer | Request Date: 25 Oct 18 |
| Department Head/Supervisor: | Lt. Dale Osenbach |
| Telephone: 570-788-3200 | E-mail: dpo10@psu.edu |
| Address: | 76 University Dr. Hazleton Pa 18201 |
| Human Resources Officer/Representative: | Jennie Dare |
| Telephone: 814-865-9193 | E-mail: jxd501@psu.edu |
| Address: | 330 James M Elliot Building, University Park PA. 16801 |

I give The Penn State University Affirmative Action Office permission to explore coverage and reasonable accommodations under the Americans with Disabilities Act of 1990, as amended (ADA). I understand that all information obtained during this process will be maintained and used in accordance with ADA and all legal and regulatory requirements as they pertain to medical and genetic information confidentiality. In situations where AAO requires input on questions related to medical or psychological documentation submitted to support a request for reasonable accommodation, I authorize AAO to consult with Penn State's Director of Occupational Medicine (or designee) and/or the Director of Counseling and Psychological Services at Penn State, and/or the medical/mental health professional that provided documentation.

25 Oct 18
Date

Michael J. Strenchoak
Employee's signature

Page 1 of 3

Updated September 2017

**EXHIBIT 4**

# Reasonable Accommodation Request Form

Please answer the following questions to assist us in understanding the basis and nature of your request for a reasonable accommodation (attach additional sheets if necessary).

A. Indicate physical or mental limitation(s) and expected duration of limitation(s). (Attach additional pages if necessary.) It is not necessary to indicate a medical diagnosis or condition.

As noted and recommended by my doctor, my medical history precludes me from undue stress that my hours, Travelling and schedule are now causing this stress. Currently, I am unable to function in a normal capacity, i.e., loss of weight, sleep deprivation, mood disorders, change in family dynamics, and depression. (Continued on separate page)

B. Explain how the disability/limitation affects the ability to perform one or more essential functions of the job:

I can work and perform all essential functions of the job just as indicated by my doctor at reduced hours. I have been performing my duties but the mandated hours and Travel has caused undue physical and mental stress which is now affecting my health and well being by aggravating my condition.

C. List accommodations needed to perform essential functions (attach additional pages if necessary):

Reduced overtime hrs. and regular shifts. No over Nights.

D. Has a physician, vocational rehabilitation specialist, or other health professional recommended a specific accommodation? Yes _X_ ; No ___ ;
If yes, please attach a copy of their recommendations.

Forward a copy of this form to the Affirmative Action Office at 328 Boucke Building, University Park, PA 16802. If you have any questions, please contact Leah Zimmerman at 814-863-0471. *Please review the information regarding medical documentation on page 3 of this form.*

Page 2 of 3

Updated September 2017

Section A. Cont.
Continuation of these hours and travel time associated with these hours as a result of the mandated overtime may result in an inability to function personally or in the workplace.

\* Note: Attached is a copy of letter received from my doctor. (original copy of letter was given to my Supervisor.)

**Division of Gastroenterology**

Penn Presbyterian Medical Center

Kashyap Panganamamula, MD
Mark Osterman, MD
Farzana Rashid, MD
Robert M. Strauss, MD

Jesse A. Green, MD *Director*
James D. Lewis, MD
George A. Makar, MD
Staci Hoops, PA-C

10/15/18

To whom it may concern:

Michael Strenchock (DOB 5/3/56) has undergone total proctocolectomy for severe ulcerative colitis and has an ileoanal pouch with severe anal cuffitis and moderately severe pouchitis. Because of the effect of OT shifts and overnight shifts, I recommend that he only work a daytime or evening schedule (no overnight shifts) for approximately 40 hours per week.

Sincerely,
Jesse Green MD

# VERIFICATION

I, MICHAEL STRENCHOCK, verify that the averments made in the foregoing Complaint are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities.

*[signature]*
**MICHAEL STRENCHOCK**

Date: 12-19-2019